## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

EDWARD WITHERSPOON,

    Petitioner,

    v.

FRANK B. BISHOP, *Warden*, and
MARYLAND ATTORNEY GENERAL,

    Respondents.

Civil Action No. TDC-19-1283

### MEMORANDUM OPINION

Petitioner Edward Witherspoon, an inmate at North Branch Correctional Institution in Cumberland, Maryland, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which he challenges his 2017 convictions for kidnapping, sex offenses, and assault. The Petition is fully briefed. Upon review of the submitted materials, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the Petition will be DENIED.

### BACKGROUND

The Court has previously discussed the factual background and procedural history of this case in a September 10, 2021 Order reopening this case, which the Court incorporates herein by reference, such that it will not restate information contained in that Order. ECF No. 5. The present Petition for a Writ of Habeas Corpus collaterally attacks Witherspoon's conviction after a jury trial in the Circuit Court for Howard County, Maryland on charges relating to the rape of a victim

identified as M.F.  On February 24, 2016, Witherspoon was arrested on a warrant and was initially charged with the offenses relating to M.F. in the District Court of Maryland for Baltimore City, Criminal No. 4B02318726.  The charges were transmitted to the Circuit Court for Baltimore City, and an indictment was returned on April 6, 2016 ("the Baltimore City Case").  On February 8, 2017, Witherspoon was indicted in the Circuit Court for Howard County on charges relating to the alleged rape of M.F in Criminal No. 13-K-17-057524 ("the Howard County Case").  On February 23, 2017, the related charges in the Baltimore City Case were terminated by *nolle prosequi*.

After a jury trial in the Howard County Case that began on May 31, 2017, Witherspoon was convicted on charges of kidnapping, second-degree sex offense, third-degree sex offense, and second-degree assault against M.F.  On September 7, 2017, he was sentenced to a total term of imprisonment of 30 years.

On April 26, 2019, Witherspoon filed the instant Petition for a Writ of Habeas Corpus.  On September 10, 2021, this Court issued an Order finding that Witherspoon failed to exhaust state remedies as to all claims in the Petition except his claim that he was denied his right to a speedy trial under the Sixth Amendment to the United States Constitution.  The Court directed Witherspoon to file a Notice stating whether he agreed to withdraw his unexhausted claims to allow the Court to consider the speedy trial claim.  On September 27, 2021, Witherspoon filed a Notice stating that he agreed to withdraw his unexhausted claims and seeking to pursue his "remaining speedy trial claim."  Notice at 1, ECF No. 8.  The Court may thus consider the merits of that claim.  *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).

## DISCUSSION

Witherspoon's remaining claim for federal habeas relief is based on the argument that his Sixth Amendment right to a speedy trial was violated when his trial did not occur until May 31, 2017. Prior to trial in the Howard County Case, Witherspoon filed a motion to dismiss based on the alleged violation of his right to a speedy trial, but the Circuit Court for Howard County ("the Circuit Court") denied the motion after a hearing. Witherspoon asserted this argument on direct appeal, but the Court of Special of Appeals of Maryland held that Witherspoon's speedy trial right was not violated and thus affirmed his conviction, and the Court of Appeals of Maryland denied Witherspoon's petition for a writ of certiorari.

### I. Legal Standard

A federal petition for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a) (2018). The federal habeas statute sets forth a highly deferential standard for evaluating state court rulings, under which state court decisions are to "be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005); *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997). A federal court may not grant a writ of habeas corpus unless the state court's adjudication on the merits (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Renico v. Lett*, 559 U.S 766, 773 (2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 411 (2000)). The state court's application of federal law must be

3

"objectively unreasonable." *Id.* Furthermore, under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). The fact that "reasonable minds reviewing the record might disagree about the finding in question" is not enough to deem a state court's factual determination unreasonable. *Id.* (citation omitted).

## II.    The Speedy Trial Claim

At the outset, the Court notes that Witherspoon's speedy trial claim is limited to an alleged violation of the Sixth Amendment, because on federal habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* at 67-68.  Thus, there is no cognizable claim based on any violation of the Maryland law requiring the State to bring a defendant to trial within 180 days of the appearance of counsel, unless a postponement for good cause shown is granted by the trial court. *See* Md. Rule 4-271(a)(1) (LexisNexis 2021).

As to the federal constitutional claim, the Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI; *see Klopfer v. North Carolina,* 386 U.S. 213, 222-23 (1967) (applying the amendment to states).  To prove a violation of the Sixth Amendment right to a speedy trial, a defendant "must show first that the Amendment's protections have been triggered by arrest, indictment, or other official accusation." *United States v. Woolfolk,* 399 F.3d 590, 597 (4th Cir. 2005) (citations omitted).    When Sixth Amendment protections are triggered, some delay of the trial is constitutionally permissible. *See Doggett v. United States*, 505 U.S. 647, 651 (1992).    In determining whether there was a Sixth Amendment violation warranting dismissal of the case, a

4

court must consider the totality of the circumstances, including four key factors: whether the delay before trial was uncommonly long, whether the government or the defendant was more to blame for that delay, whether the defendant asserted the right to a speedy trial in due course, and whether the defendant suffered prejudice as a result of the delay. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *Doggett*, 505 U.S. at 651; *Woolfolk*, 399 F.3d at 597. The first factor, the length of delay, is also a threshold requirement because "[s]imply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." *Doggett*, 505 U.S. at 651-52. If this threshold requirement is met, then the defendant "must . . . show on balance" that the four factors weigh in the defendant's favor. *Woolfolk,* 399 F.3d at 597 (quoting *United States v. Thomas*, 55 F.3d 144, 148 (1995)). The factors are related and "must be considered together with such other circumstances as may be relevant." *Barker*, 407 U.S. at 533. Ultimately, none of the factors is "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial." *Id.* A court must carry out this analysis "with full recognition that the accused's interest in a speedy trial is specifically affirmed in the Constitution." *Id.*

Witherspoon's claim that his Sixth Amendment right to a speedy trial was violated was rejected by both the Circuit Court prior to the trial and by the Maryland Court of Special Appeals on direct appeal. In its ruling, the Court of Special Appeals properly articulated the law regarding review of a defendant's right to a speedy trial, including the four-factor balancing test set forth in *Barker* and *Doggett*. The court also provided the following timeline of relevant events in Witherspoon's case, which was not significantly disputed by any party:

February 24, 2016                Witherspoon was arrested on a warrant and charged in the District Court of

5

|  | Maryland for Baltimore City in Case No. 4B02318726. |
|---|---|
| April 6, 2016 | The State indicted Witherspoon in the Circuit Court for Baltimore City in Case No. 116096008. |
| April 26, 2016 | Defense counsel filed an omnibus motion in the Circuit Court for Baltimore City. The motion included a demand for a speedy trial. |
| April 28, 2016 | Witherspoon was arraigned in the Circuit Court for Baltimore City, and the court set a trial date of June 22, 2016. |
| June 22, 2016 | Over objection, the court postponed the trial at the State's request because two of the State's witnesses were out of the country, an Assistant State's Attorney was unavailable, and the State needed further investigation, including DNA evidence. |
| July 15, 2016 | Witherspoon was released from pretrial detention on bail. |
| September 13, 2016 | The State requested a postponement because it was awaiting DNA test results. The court set a new trial date of December 5, 2016. |
| November 21, 2016 | The State issued a warrant for Witherspoon's arrest in a separate case in Howard County, concerning a similar incident but a different victim. |
| November 22, 2016 | The court postponed the trial in Baltimore City until March 14, 2017, because of the pending warrant in the Howard County case, and because of new evidence that Witherspoon had referred to this case in a statement made in Howard County. |
| February 8, 2017 | The State indicted Witherspoon in Howard County in this case (13-K-17-057524). |

6

| February 14, 2017 | Witherspoon was arraigned in Howard County in this case. |
| February 23, 2017 | The State entered a plea of nolle prosequi in Case No. 116096008 in the Circuit Court for Baltimore City. |
| February 24, 2017 | The Circuit Court for Howard County held a scheduling conference in this case. The court scheduled a motions hearing for April 21, 2017, and a trial for May 31, 2017. |
| April 11, 2017 | Witherspoon moved to dismiss the charges, alleging a violation of his speedy trial rights. |
| April 21, 2017 | At the motions hearing, the court denied the motion to dismiss. |
| May 31, 2017 | The trial began. |

State Record – "M.F. Case" ("S.R.") 91-92, No. TDC-19-0544, ECF No. 12-1. The court then examined each of the four *Barker* factors before determining that there was no Sixth Amendment violation. Upon review of the analysis of the Court of Special Appeals, this Court agrees.

## A.   Length of Delay

For purposes of the Sixth Amendment, the delay is to be measured from the earlier of the date of arrest or the filing of an indictment or other charging document until the date of trial. *United States v. Marion*, 404 U.S. 307, 320-21 (1971). Here, the Court of Special Appeals found that the *nolle prosequi* of the Baltimore City Case terminated that prosecution, and that the case at issue, the Howard County Case, began when new charges were filed in Howard County. Based on its finding that there was no basis upon which to find that the termination of the Baltimore City Case was not in good faith, the Court of Special Appeals determined that the proper measurement of the delay before trial was from the filing of the indictment in the Howard County Case on

7

February 8, 2017 to the beginning of trial on May 31, 2017, a period of less than four months, rather than from the date of Witherspoon's arrest. S.R. 90-91 (citing *State v. Henson*, 643 A.2d 432, 438 (Md. 1994), and *Greene v. State*, 186 A.3d 207, 214-15 (Md. Ct. Spec. App. 2018)). The court concluded that a period of only four months from indictment is insufficient to trigger the Sixth Amendment speedy trial right.

In the alternative, the Court of Special Appeals considered whether the Sixth Amendment speedy trial right was violated in the event that the delay was found to be the 15-month period from Witherspoon's original arrest in the Baltimore City Case to the trial in the Howard County Case. Even then, the court concluded that the delay did not weigh strongly in favor of a constitutional violation because the case involved serious charges against an incapacitated victim and was relatively complex in that it involved DNA evidence. It then considered the remaining factors as they related to this arguable 15-month delay.

## B.  Reason for Delay

As to the second factor, the Court of Special Appeals considered the reasons for the delay and found that on balance this factor would weigh only slightly in Witherspoon's favor. The court found that the time between Witherspoon's arrest on February 24, 2016 and his first scheduled trial date on June 22, 2016, approximately four months later, simply allowed for ordinary trial preparation. The court further found that the first and second postponements, which resulted in a December 5, 2016 trial date, were due to the unavailability of witnesses and the fact that the results of the DNA testing had not yet been received, such that they were justifiable delays not caused by the State's failure to act in a diligent manner. As to the final postponement, which was granted on November 22, 2016, the court found that it was based on the filing of another, similar criminal

case against Witherspoon in the Circuit Court for Howard County involving a different victim.

The court further found that:

> Witherspoon appears to argue that the State sought the postponement as part of an
> unsuccessful attempt to persuade the Baltimore City court to admit evidence of the
> Howard County case as proof of a common plan or scheme under Md. Rule 5-
> 404(b). Assuming that Witherspoon is correct, the delay would still weigh only
> slightly against the State: the delay did not result from a deliberate effort to hinder
> the defense or from carelessness or neglect, but from a tactical effort to advance a
> new legal theory that could not have been discovered earlier. *See Howard v. State*,
> 66 Md. App. 273, 292 (1986) (delay resulting from tactical decision to try
> codefendants jointly was attributable to State, but received only slight weight).

S.R. 93-94. The Court therefore found that the overall delay weighed "only slightly" against the

State. S.R. 94.

## C.      Assertion of Right

On the third factor, when and how Witherspoon asserted the right to a speedy trial, the

Court of Special Appeals found that while Witherspoon never waived his right or consented to any

postponement, he had made only "a perfunctory request for a speedy trial in omnibus motions in

both the Circuit Court for Baltimore City and the Circuit Court for Howard County," such that he

"did not make anything more than a boilerplate assertion of his speedy-trial rights until about seven

weeks before trial," after the dismissal of the Baltimore City Case and the setting of the trial date

in the Howard County Case. S.R. 94. The court thus found that Witherspoon's efforts to assert

his speedy trial right amounted to "little more than the avoidance of waiver" and thus weighed

only "slightly" in Witherspoon's favor. S.R. 95.

## D.      Prejudice

On the final factor, prejudice should be assessed in light of the three interests that the right

to a speedy trial was designed to preserve: (1) preventing oppressive pretrial incarceration; (2)

minimizing the anxiety and concern of the accused; and (3) limiting the possibility that the defense

9

will be impaired. *Barker*, 407 U.S. at 532. The most serious is the last, because the inability to adequately mount a defense, such as when witnesses die or otherwise become unavailable, "skews the fairness of the entire system." *Id.*

The Court of Special Appeals found "little prejudice" from the delay because although Witherspoon claimed that he could not work while he was in pretrial detention and that any person in his position "would have felt a great deal of anxiety and concern," Witherspoon was actually in pretrial detention on this case for only five of the 15 months from arrest to trial—from February to July 2016—because he was released in July 2016. S.R. 95-96. When he was re-detained in November 2016, it was because of the warrant in the new case in Howard County with a different victim. As for prejudice to the ability to present a defense, the only identified missing evidence was security camera footage from businesses near the nightclub where the victim apparently encountered Witherspoon, but the footage was apparently destroyed in the ordinary course of business even before his initial arrest, so the delay before trial did not cause the loss of evidence.

### E.    Totality of the Circumstances

In weighing all four factors, the Court of Special Appeals found no Sixth Amendment violation. First, as discussed above, it concluded that the delay was only the four months from the Indictment in the Howard County Case on February 8, 2017 until the trial on May 31, 2017, and that the four-month period did not violate the right to a speedy trial. This was a reasonable application of federal law. *See United States v. MacDonald*, 456 U.S. 1, 7 (1982) ("[T]he Speedy Trial Clause has no application after the Government, acting in good faith, formally drops charges.").

Second, it concluded that even if the delay were deemed to be the entire 15-month period from Witherspoon's arrest on February 24, 2016 until the trial, the delay did not violate the Sixth

Amendment because the time period before trial was "not extraordinary, because of the seriousness of the charges and the complexity of some of the evidence in the case; because the majority of the delay resulted from neutral justifications; because the record does not show that Witherspoon made a particularly forceful assertion of the speedy-trial right; and because Witherspoon failed to establish actual prejudice." S.R. 97. In considering the ruling of the Court of Special Appeals, this Court finds that it applied the correct federal legal standard by analyzing the four factors set forth in *Barker* and *Doggett* and the totality of the circumstances. *See Barker*, 407 U.S. at 530. The Court further concludes that the state court analysis was correct and, at a minimum, was not "an unreasonable application" of the Supreme Court's standard set forth in *Barker* and *Doggett*. 28 U.S.C. § 2254(d). Upon review of the record, the Court concludes that the factual findings relied upon by the Court of Special Appeals were reasonable, and that Witherspoon has presented no facts to surmount his burden of rebutting the presumption of their correctness by clear and convincing evidence. *See* 28 U.S.C. §§ 2254(d), (e)(1). Accordingly, the Court will deny the Petition.

## III.    Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. Because the accompanying Order is a final order adverse to the applicant, Witherspoon must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1).

When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to

11

deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). Upon review of the record, this Court finds that Witherspoon has not made the requisite showing. The Court therefore declines to issue a certificate of appealability. Witherspoon may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See* Fed. R. App. P. 22(b); *Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus will be DENIED. The Court declines to issue a certificate of appealability. A separate Order shall issue.

Date: July 26, 2022

THEODORE D. CHUANG
United States District Judge